IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GONZALO PINEDA,                          )
                                         )
                Petitioner,              )
                                         )        CIVIL ACTION
v.                                       )
                                         )        No. 15-3092-KHV
CLAUDE MAYE,                             )
                                         )
                Respondent.              )
_____)

## MEMORANDUM AND ORDER

Petitioner, a prisoner in federal custody, seeks relief under 28 U.S.C. § 2241.  He claims the federal Bureau of Prisons ("BOP") failed to properly calculate his sentence.

### Background

On October 24, 2007, the Los Angeles County Superior Court sentenced petitioner to a term of five years for possession of cocaine base with intent to distribute.

On September 17, 2009, federal authorities charged petitioner and other defendants in the U.S. District Court for the Central District of California with crimes of racketeering and other criminal conduct.

On December 8, 2009, the United States Marshals Service ("USMS") temporarily removed petitioner on a federal writ of habeas corpus ad prosequendum.

On March 29, 2010, the State of California paroled petitioner.  As of March 30, 2010, petitioner was in exclusive federal custody.

On May 11, 2010, petitioner entered a plea agreement on federal charges of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and use of a firearm in furtherance of a crime of violence or drug trafficking crime in violation of 18 U.S.C. § 924(c).  On September 13, 2010,

the Court sentenced him to 52 months on the racketeering charge and a consecutive term of 60 months on the firearm charge, for a total sentence of 112 months.

**Analysis**

A petition for habeas corpus under 28 U.S.C. §2241 is the remedy to challenge the execution of a sentence.  See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005).

Under 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) ("P.S. 5880.28"), the BOP calculates a prisoner's sentence from "the date in which he is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official facility at which the sentence is to be served."  Petitioner's federal sentence commenced on September 13, 2010, when the sentencing court announced it. Petitioner received sentence credit from that time to the present.

Petitioner seeks additional federal credit for the 32 months that he was in state custody. Under 18 U.S.C. § 3585(b), credit for prior custody is available for time spent in official detention before the date a sentence commences if it is not credited to another sentence.

The BOP gave petitioner federal sentence credit for the period from March 30, 2010, the day after his parole from his California state sentence, to September 12, 2010, the day before his federal sentence commenced. The BOP did not give petitioner credit for the 32 months he spent serving his state sentence because he received state sentence credit for that period.  This calculation properly applies 18 U.S.C. § 3585(b), which states "defendant shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

In sentencing petitioner, the U.S. District Court for the Central District of California clearly imposed a sentence outside the guideline range to credit him for the 32 months which he

2

served in state custody.  Sentencing materials from petitioner's federal criminal case reflect that the guideline range for Count 1, charging a racketeering conspiracy, was 84 to 105 months.  The U.S. Probation Officer recommended that petitioner's sentence on that count be reduced by 32 months, resulting in a sentence of 52 months on that count, to account for the time petitioner served in state custody.  The United States concurred in that recommendation.  (Doc. #6, Attach. pp. 62-63).  In imposing the 112 month federal sentence, the sentencing court accepted that recommendation.  Petitioner is not entitled to additional credit for the 32-month period.

In his traverse (Doc. #10)[1], petitioner agrees that he has already received credit for the 32 months which he served in state custody.  He now asserts, however, that had the federal court sentenced him to a term of 144 months with a credit of 32 months rather than a departure sentence of 112 months, he would be entitled to receive more good time credit than he currently receives.  The Court declines to consider this claim because petitioner has not presented that claim in administrative grievances to the BOP (Doc. #1 , Attach. 1, pp. 1-7),  or included it in his petition.  See Jordan v. Wiley, 411 F. App'x 201, 212 n.9 (10th Cir. 2011)(unpublished)(issue raised for first time in traverse not properly before district court) and Garza v. Davis, 596 F.3d 1198, 1205 (10th Cir. 2010)(exhaustion of administrative remedies is prerequisite to petition under Section 2241).

**IT IS THEREFORE ORDERED** that petitioner's Petition For Writ of Habeas Corpus (Doc. #1) filed April 27, 2015 be and hereby is **DENIED**.

---

[1]     The Court grants petitioner's Motion For Extension Of Time To File Reply As To Response To Habeas Petition (Doc. # 9) to file a response to the government's answer and return.  In ruling on the petition, the Court has considered petitioner's Objection To Response To Petition For Writ Of Habeas Corpus (Doc. #10), which the Court liberally construes as petitioner's traverse.

**IT IS FURTHER ORDERED** that petitioner's <u>Motion For Extension Of Time To File</u> <u>Reply As To Response To Habeas Petition</u> (Doc. #9) filed August 21, 2015 be and hereby is **GRANTED**.

Dated this 23rd day of March, 2016 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

4